## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | |
|---|---|
| **MICHAEL J. WELLS,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )    **CIVIL ACTION NO. 1:13-02508** |
| | ) |
| **KAREN G. HOGSTEN, Warden,** | ) |
| | ) |
| **Respondent.** | ) |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody.[1] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application should be dismissed.

### FACT AND PROCEDURE

**A.     Criminal Action No. 1:08-cr-0344:**

On August 19, 2008, in the Northern District of Ohio, the Grand Jury returned a one count Indictment against Petitioner charging him with "having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, this is, Attempted Robbery, in Case Number CR-05-466258 in the Cuyahoga County Common Pleas Court on or about November 14,

---

[1]  Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

2005, did knowingly possess in and affecting interstate commerce a firearm, to wit: a FIE Titan model, .25 caliber semi-automatic pistol, with an obliterated serial number, in violation of Title 18, Section 922(g)(1), United States Code." United States v. Wells, Case No. 1:08-cr-0344 (N.D. Ohio June 22, 2009), Document No. 1. On April 1, 2009, Petitioner pled guilty to being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). Id., Document No. 18. On June 22, 2009, the District Court ordered that Petitioner serve a 65-month term of incarceration to be followed by a three-year term of supervised release. Id.

On June 26, 2009, Petitioner filed his Notices of Appeal. Id., Document Nos. 19 and 21. On January 4, 2010, Petitioner, by counsel, filed an Anders Brief arguing that Petitioner's sentence was "unduly harsh."[2] United States v. Wells, Case No. 09-3802, Document No. 00618273850. Subsequently, Petitioner filed additional briefs arguing as follows: (1) "Counsel was ineffective for failing to raise innocent possession as a defense;" (2) "Petitioner was entitled to a downward departure under U.S.S.G. § 5K2.11 for lesser harm;" (3) "Petitioner's sentence should not have been enhanced for the obliteration of the serial number on the firearm he possessed because he did not know the serial number had been eliminated;" (4) "The District Court's downward variance was not equitable enough;" and (5) "The district court erred by failing to consider the 18 U.S.C. § 3553(a) factors during sentencing." Id., Document Nos. 00618750309, 00619164114, 00619262900. By Order entered on September 7, 2010, the Sixth Circuit Court of Appeals affirmed the judgment of the District Court. Id., Document No. 006110725819. Petitioner did not file a petition for certiorari in the United States Supreme Court.

---

[2] The Northern District of Ohio determined that Petitioner's Advisory Guideline Range was 70 - 87 months. The District Court sentenced Petitioner to 65-months, which was below the advisory guideline range.

**B.     Motion for Relief Pursuant to Rule 60(b):**

On October 12, 2010, Petitioner filed in the Northern District of Ohio a "Judicial Notice Giving Official Notice of Lack of Constitutional, Statutory and Jurisdiction Authority Over Petitioner Pursuant to the Federal Rules of Civil Procedure 60(b)(4)." Wells, Case No. 1:08-cr-0344, Document No. 35-1. Specifically, Petitioner requested that the Court "vacate a void sentence herein for lack of subject matter jurisdiction both constitutional and statutory authority therein." Id. By Order entered on October 20, 2010, the District Court denied Petitioner's Motion finding that "Fed. R. Civ. Proc. 60(b) is a means of relief for judgments originating in civil matters, not criminal judgments." Id., Document No. 35.)

**C.     First Section 2255 Motion:**

On April 27, 2011, Petitioner, acting *pro se*, filed in the Northern District of Ohio a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255.  Wells v. United States, Case No. 1:11-cv-0829, Document No. 36. Petitioner asserted the following grounds of error: (1) "The Court lacked subject matter jurisdiction to prosecute Defendant pursuant to 18 U.S.C. § 922(g)(1);[3]" and

---

[3]  Specifically, Petitioner argued as follows (*Wells*, Case No. 1:11-cr-0829, Document No. 36, pp. 4 - 5.):

> Defendant's prior conviction, as relied upon in the indictment, originated with the State of Ohio. Defendant was charged with Aggravated Robbery, in violation of Revised Code 2911.01. On December 15, 2005, following a guilty plea to an amended indictment charging Defendant with Attempted Robbery in violation of Revised Code 2923.02/2911.02(A)(3), Defendant was sentenced to serve one year on Community Control, under supervision of the Adult Probation Department. On October 16, 2006, Defendant pled guilty to violating Community Control, and on November 14, 2006, Defendant was sentenced to six (6) months imprisonment for the violation. On August 19, 2008, Defendant was charged in the instant case through one (1) count indictment with violation of 18 U.S.C. 922(g)(1), that is: Felon in Possession of a Firearm. However, Defendant now argues that conviction in Case No. Cr-05-466258-B, was not for a crime punishable by a term of imprisonment exceeding one year.

3

(2) "[C]ounsel was ineffective, in the constitutional sense, and that but for counsel's unprofessional errors, Defendant would not now stand convicted under the indictment." <u>Id.</u> The United States filed its Response in Opposition on October 13, 2011. <u>Id.</u>, Document No. 40. By Order entered on October 17, 2011, the District Court dismissed Petitioner's Section 2255 Motion. <u>Id.</u>, Document No. 41. Petitioner filed his Notice of Intent to Appeal on October 24, 2011. <u>Id.</u>, Document No. 42.

On November 4, 2011, Petitioner filed his "Motion to Vacate, Set Aside Final Judgment/Order Denying Motion Under 28 U.S.C. § 2255." <u>Id.</u>, Document No. 43. In support of the Motion, Petitioner argued as follows: (1) "The District Court erred when it agreed with the Government's assertion that when the state court exercised its discretion after considering various sentencing factors it did not negate the statutory maximum punishable penalty provided by law for the offense of conviction;" and (2) "The case cited and relied upon by both the Government and the Court (<u>United States v. Davis</u>, 2001 WL 16624485, * 3 (6th Cir. 2001)) is factually and legally distinguishable from this case and does not control."[4] <u>Id.</u> By Order entered on December 7, 2011, the District Court dismissed Petitioner's Motion. <u>Id.</u>, Document No. 45. Petitioner filed a Notice of Appeal on January 6, 2012. <u>Id.</u>, Document No. 47. By Order filed on May 25, 2012, the Sixth Circuit Court of Appeals denied Petitioner's application for a certificate of appealability. <u>Id.</u>, Document No. 51. Specifically, the Sixth Circuit explained, in pertinent part, as follows:

> Wells's predicate offense was attempted robbery, a fourth-degree felony, the potential penalties for which include terms of imprisonment ranging from six to eighteen months. *See* Ohio Rev. Code §§ 2911.02(A)(3), (B); 2923.02(A), (E)(1);

_____

[4] Specifically, Petitioner argued that "the Cuyahoga County Common Pleas Court was not authorized to imposed a term of imprisonment exceeding (6) months, much less one year as required to sustain a conviction under 18 U.S.C. § 922(g)(1)." *Wells*, Case No. 1:08-cr-0344, Document No. 43.

2929.14(A)(4).

At the time of Wells's offense and sentencing, Ohio law required imposition of the shortest prison term authorized by statute unless (1) the offender had previously been sentenced to a prison term or (2) "[t]he court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." Ohio Rev. Code § 2929.14(B) (2005). Wells argues that offense was punishable by no more than six months in prison because neither of those conditions was satisfied. He relies on *United States v. Pruitt*, 545 F.3d 416, 422-23 (6th Cir. 2008), where we held that, under a state sentencing scheme in which the maximum sentence depends on the defendant's criminal record, an offense is punishable by a term of imprisonment exceeding one year only where a particular defendant's record makes him eligible for such a punishment.

Well's argument is unavailing because § 2929.14(B) allowed the trial court to decide, in its discretion, that a sentence of up to eighteen months of imprisonment was warranted by the seriousness of Wells's conduct or the need for deterrence. The fact that the court chose not to impose a sentence of imprisonment exceeding twelve months is immaterial. The court *could* have done so, and Wells's offense was thus punishable by imprisonment for more than one year. *See Pruitt*, 545 F.3d at 421-22(rejecting the defendant's argument that his offense was punishable only by a sentence within the statute's presumptive range where the trial court did not exercise its discretion to impose an aggravate sentence.)

Id., pp. 1 - 2.

**D.    Second Section 2255 Motion:**

On August 7, 2012, Petitioner filed in the Northern District of Ohio his second Motion to

Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255.  Wells v. United States, Case No.

1:12-cv-02027, Document No. 52. As grounds for relief, Petitioner argues that he is actually

innocent of his underlying conviction based upon Carachuri-Rosendo v. Holder, 560 U.S. 130, 130

S.Ct. 2577, 177 L.Ed.2d 68 (2010). Id. By Order entered on August 8, 2012, the District Court

denied Petitioner's Motion as successive. Id., Document No. 53. On August 20, 2012, Petitioner

filed a "Motion Pursuant to Fed.R.Civ.P. 59(e) to Alter or Amend the Judgment of the Court in a

Ruling Decided by the Court on August 8, 2012." Id., Document No. 54. By Order entered on

August 20, 2012, the District Court denied Petitioner's Motion.  Id., Document No. 55. On

September 10, 2012, Petitioner filed a "Motion For Transfer of the Petitioner's Deemed 'Second or Successive Petition' to the Sixth Circuit Court of Appeals, Pursuant to 28 U.S.C. § 1631." Id., Document No. 56. The District Court denied Petitioner's Motion on September 13, 2012.

**E.      Section 2241 Petition:**

On February 13, 2013, Petitioner filed his instant Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody and Memorandum in Support. (Civil Action 1:13-02508, Document Nos. 1 and 2.) Citing Carachuri-Rosendo v. Holder, 560 U.S. 563, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010) and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), Petitioner argues that his is actually innocence of his 18 U.S.C. § 922(g)(1) conviction. (Id.) Petitioner claims that "there is no apparent evidence that the Petitioner's prior felony conviction in that case exposed the Petitioner to a 'term of imprisonment exceeding one year,' to trigger federal jurisdiction or to conform to the contours of § 921(20) meaning of a 'prior felony conviction,' which has to be in congruency with § 922(g)(1)'s prior felony conviction require." (Id., Document No. 2, p. 3.) Petitioner asserts that his "sentencing transcripts reveal that the Petitioner was only exposed to an aggregate sentence, consisting of: a six month suspended sentence, a years term of probation, drug counseling and testing." (Id.) Petitioner acknowledges that he "did in fact violate the terms of the case and was ultimately sentenced to the suspended portion of the six month term imprisonment, followed by 3 years of post release control." (Id., p. 4.) Petitioner, however, argues that "such a term of imprisonment was, and is still, far short of the § 921(20)'s precise definitive requirement, which as a necessary corollary puts the conviction at odds with the specific type of felony conviction Congress envisioned as serious enough to trigger federal prosecution under § 922(g)(1), as a convicted felon in possession of a firearm." (Id.) Petitioner argues that similar to Carachuri and

6

<u>Simmons</u>, the District Court improperly determined he was convicted of a prior felony based upon a hypothetical. (<u>Id.</u>, pp. 4 - 6.) Petitioner further explains that "the state of the law (Ohio Rev. Code Ann. § 2929.14(B)), as it existed during the time of the Petitioner's offense and conviction, required a sentencing court to impose the shortest authorized term on a defendant who had never served a prison term unless the court found on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." (<u>Id.</u>, p. 6.) Petitioner, therefore, contends that his prior conviction did not constitute a felony and he is innocent of his Section 922(g)(1) conviction. (<u>Id.</u>)

As Exhibits, Petitioner attaches the following: (1) "Defendant's Transcript of Proceedings Sentencing" as filed in the Cuyahoga County Court of Common Pleas in Case No. CR-466258 (Document No. 1-1, pp. 2 - 8.); (2) A copy of pertinent pages from his "Presentence Investigation Report" as filed in the Northern District of Ohio in Case No. 1:08-cr-0344 (<u>Id.</u>, pp. 10 - 11); (3) A copy of <u>Hennis v. Warden</u>, 2012 U.S.Dist. LEXIS 72610 (May 24, 2012) (<u>Id.</u>, pp. 13 - 21.); and (4) A copy of the "Journal Entry" as filed in the Court of Common Pleas Cuyahoga County, Ohio, in Case No. CR-05-466258 (<u>Id.</u>, p. 22.).

By Order entered on October 11, 2013, the undersigned directed Respondent to file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (<u>Id.</u>, Document No. 6.) On November 15, 2013, Respondent filed her Response to the Order to Show Cause. (<u>Id.</u>, Document No. 10.) Respondent argues that Petitioner's Petition should be denied based on the following: (1) "Petitioner has filed an improper Petition under 28 U.S.C. § 2241" (<u>Id.</u>, pp. 5 - 7.); (2) "Petitioner was a Felon in Possession of a Firearm under 18 U.S.C. § 922(g)" (<u>Id.</u>, pp. 7 - 9.); and (3) "*Carachuri-Rosendo* and *Simmons* have no effect on Petitioner" (<u>Id.</u>, pp. 9 - 11.).

As Exhibits, Respondent attaches a copy of the following: (1) A copy of Petitioner's "Judgment in Criminal Case" as filed in the Northern District of Ohio in Case No. 1:08-cr-0344 (Id., Document No. 10-1.); (2) A copy of Petitioner's Presentence Report as filed in the Northern District of Ohio in Case No. 1:08-cr-0344 (Document No. 11-1.); and (3) A copy of Petitioner's "Administrative Remedy Generalized Retrieval" (Id., Document No. 10-3.).

Petitioner did not file a Response to Respondent's Answer, which was due by December 16, 2013.

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11 Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242.

Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has

9

stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34.

In the instant case, Petitioner is challenging the validity of his conviction imposed by the Northern District of Ohio. Citing Carachuri-Rosendo and Simmons, Petitioner argues he was improperly convicted of being a Felon in Possession of a Firearm in violation of Section 992(g). (Civil Action No. 1:13-02508, Document Nos. 1 and 2.) Petitioner contends that he can proceed under Section 2241 because Section 2255 is inadequate or ineffective.

Based upon a review of the record, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. The Court finds that substantive law did not change subsequent to Petitioner's first Section 2255 Motion. The record reveals that Petitioner filed his first Section 2255 Motion on April 27, 2011, and his Section 2255 proceedings did not conclude until the Sixth Circuit denied his application for a certificate of appealability on May 25, 2012. Petitioner appears that argue that Carachuri-Rosendo and Simmons resulted in a substantive change in the law. The United States Supreme Court issued its decision in Carachuri-Rosendo on June 14, 2010, and the Fourth Circuit issued its decision in Simmons on August 17, 2011.[5] See Carachuri-Rosendo v. Holder, 560

---

[5] On June 14, 2010, the United States Supreme Court held that when determining whether a conviction is an "aggravated felony' for purposes of the Immigration and Nationality Act , the Court must look at the defendant's *actual conviction* and not the offense for which he could have

U.S. 563, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010); United States v. Simmons, 649 F.3d 237 (4ᵗʰ Cir. 2011). Thus, Carachuri-Rosendo was decided approximately 10 months prior to Petitioner filing his first Section 2255 Motion. Simmons was decided approximately two months prior to the Northern District of Ohio denying Petitioner's first Section 2255 Motion and approximately nine months prior to the Sixth Circuit denying Petitioner's application for a certificate of appealability. The undersigned further notes that Simmons is a Fourth Circuit decision, which is not binding upon the Sixth Circuit. See Goodwin v. United States, 2013 WL 2468365, * 3 (E.D.Tenn. June 7, 2013)(finding that *Simmons* is not binding on the Court). Moreover, Simmons did not establish a new rule of law in the Sixth Circuit. "Simmons merely adopted the position that the Sixth Circuit had previously adopted in United States v. Pruitt, 545 F.3d 416 (6ᵗʰ Cir. 2008)." United States v. Brown, 2013 WL 2145786, * 1 (May 15, 2013); also see Simmons, 649 F.3d at 244(finding that the Sixth Circuit's analysis [in *Pruitt*] now seems clearly correct given the Supreme Court's subsequent ruling in *Carchuri*"); Parnell v. United States, 2013 WL 5938199, * 3 (M.D.Tenn. Nov. 6, 2013)("[T]he Sixth Circuit, even before the Fourth Circuit,  recognized the peculiarities of North Carolina's sentencing law and held [in Pruitt] that a particular defendant's actual sentencing exposure was what determined whether he qualified as a previously convicted felon for purposes of federal sentencing enhancements.") The record reveals that Petitioner cited United States v. Pruitt,

---

possibly been convicted based on his conduct. *Carachuri-Rosendo v. Holder*, 560 U.S. 563, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010). On August 17, 2011, the Fourth Circuit vacated defendant's sentence in light of *Carachuri-Rosendo* finding that in order for a prior felony conviction to qualify as a predicate offense, the individual defendant must have been convicted of an offense for which the defendant could be sentenced to a term exceeding one year. *United States v. Simmons*, 649 F.3d 237 (4ᵗʰ Cir. 2011). On August 21, 2013, the Fourth Circuit held that *Simmons* is retroactive to cases on collateral review that involve claims of actual innocence of an underlying Section 922(g) conviction. *Miller v. United States*, 2013 WL 4441547 (4ᵗʰ Cir. Aug. 21, 2013).

11

545 F.3d 416 (6th Cir. 2008) in support of his first Section 2255 Motion. <u>Wells</u>, Case No. 1:11-cv-00829, Document No. 36. Petitioner's argument based upon <u>Pruitt</u> was considered and rejected by the Northern District of Ohio and the Sixth Circuit Court of Appeals. <u>Id.</u>, Document Nos. 41 and 51. Accordingly, the Court finds that substantive law did not change subsequent to Petitioner's first Section 2255 Motion.

Notwithstanding the foregoing, the undersigned will briefly consider the merits of Petitioner's claim. Petitioner argues he was improperly convicted of being a Felon in Possession of a Firearm in violation of Section 992(g). (Civil Action No. 1:13-02508, Document Nos. 1 and 2.) Petitioner contends his prior conviction in Cuyahoga County for Attempted Robbery did not qualify as a predicate offense to support his conviction under Section 922(g)(1). Petitioner argues his prior conviction for Attempted Robbery was not punishable by more than one year in prison and that his conviction resulted in a 6 month term of imprisonment. Thus, Petitioner asserts that his prior felony conviction did not qualify as a predicate offense and he is actually innocent of his underlying Section 922(g) conviction.

A review of the record reveals that Petitioner's Attempted Robbery conviction was a fourth degree felony, punishable by a term of imprisonment ranging from 6-18 months.[6] Ohio Rev. Code Ann. § 2929.14(A) (2005). Petitioner was sentenced to serve one year of Community Control under the supervision of the Adult Probation Department. After violating the terms of his Community Control, Petitioner was sentenced to serve six months in prison. Petitioner first argues that since the

---

[6] Ohio Rev. Code Ann. § 2929.14(A) (2005) provides, in pertinent part, that "the court shall impose a definite prison term that shall be one of the following: . . . (4) For a felony of the fourth degree, the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months."

sentencing court only imposed a 6 month sentence, the foregoing conviction could not qualify as a predicate offense to support his conviction under Section 922(g)(1). Petitioner's argument, however, is without merit. "[T]he provisions of 18 U.S.C. § 922(g)(1) do no require that a defendant's prior sentence involve actual prison time in excess of one year...[T]he statutory language provides simply that it is unlawful for an individual who has been convicted of a crime *punishable* by imprisonment..." United States v. Davis, 27 Fed.Appx. 592, 595 (6th Cir. 2001)(emphasis in original). Second, Petitioner contends that pursuant to Ohio Rev. Code Ann. § 2929.14(B) (2005) the sentencing court could not have imposed more than a 6 month term for his Aggravated Robbery conviction. Specifically, Petitioner claims that Section 2929.14(b) required the sentencing court to impose the shortest prison term authorized for the offense. Section 2929.14(B) provides, in pertinent part, as follows:

> [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
>
> > (1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
> >
> > (2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.

Ohio Rev. Code Ann. § 2929.14(B) (2005). A review of Petitioner's Presentence Report reveals that Petitioner had previously served a prison term: (1) Following Petitioner's plea of guilty to Possession of Drugs in Case No. CR344267, the Cuyahoga County Common Pleas Court imposed a 6 month term of imprisonment on February 12, 1997; (2) Following Petitioner's plea of guilty to Possession of Drugs in Case No. CR 379334, the Cuyahoga County Common Pleas Court imposed

a 9 month term of imprisonment, to run concurrent with Case No. CR 380951, on April 14, 2000; and (3) Following Petitioner's plea of guilty to Trafficking in Cocaine in Case No. CR380951, the Cuyahoga County Common Pleas Court imposed a 12 month term of imprisonment, to run concurrent with Case No. CR379334, on April 14, 2000. (Document No. 11-1, ¶¶ 30, 32, and 33.) Additionally, the Sixth Circuit specifically considered the above issue and determined that "Wells' argument is unavailing because § 2929.14(B) allowed the trial court to decide, in its discretion, that a sentence of up to eighteen months of imprisonment was warranted by the seriousness of Wells' conduct or the need for deterrence." Wells, Case No. 1:11-cv-0829, Document No. 47, pp. 1 - 2. Thus, the sentencing court was not required to impose the shortest term of imprisonment when imposing Petitioner's sentence for Attempted Robbery. Based on the foregoing, the undersigned finds that Petitioner was convicted of an offense (Attempted Robbery) for which he could have been sentenced to a term exceeding one year. See Simmons, 649 F.3d at 246(the Fourth Circuit held that in order for a prior felony conviction to qualify as a predicate offense, the individual defendant must have been convicted of an offense for which the defendant could be sentenced to a term exceeding one year.) Accordingly, Petitioner's Attempted Robbery conviction qualified as a predicate offense to support his conviction under Section 922(g)(1).

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: December 17, 2013.

R. Clarke VanDervort
United States Magistrate Judge

15